IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE LANGSTON,** : | CIVIL ACTION NO. 1:15-CV-1117 |
| : | |
| Plaintiff : | (Chief Judge Conner) |
| : | |
| v. : | |
| : | |
| **CAROLYN W. COLVIN**, Acting : | |
| **Commissioner of Social Security,** : | |
| : | |
| Defendant : | |

### ORDER

AND NOW, this 30th day of August, 2016, upon consideration of the report (Doc. 22) of Magistrate Judge Gerald B. Cohn, recommending the court vacate the decision of the administrative law judge and remand the above-captioned matter for further proceedings with respect to the application for disability insurance benefits of plaintiff Denise Langston ("Langston"), wherein Judge Cohn concludes that the administrative law judge's decision is not "supported by substantial evidence," 42 U.S.C. § 405(g), and finds specifically that the administrative law judge erred by (1) improperly rejecting the third party function report of Langston's sister, (2) failing to assign proper weight to the medical opinion of Langston's treating physician, and (3) failing to recontact Langston's treating physician before rejecting his opinion, (see Doc. 22), and wherein Judge Cohn recommends that the matter be remanded for full development of the record and a new administrative hearing, and the court noting that the Commissioner of Social Security ("Commissioner") filed objections (Doc. 23) to the report, and Langston filed a response (Doc. 24) in support of Judge Cohn's recommendation, and, following a *de novo* review of the contested

portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court finding Judge Cohn's legal analysis concerning the administrative law judge's rejection of Langston's treating source to be thorough, well-reasoned, and fully supported by the record, and finding the Commissioner's objection to the report's ultimate recommendation to be without merit,[1] it is hereby ORDERED that:

---

[1] The Commissioner lodges a threefold objection to the magistrate judge's legal conclusions, asserting that the magistrate judge erred: *first*, in suggesting that the administrative law judge improperly disregarded the third party lay opinion of Langston's sister without justification; *second*, in determining that the administrative law judge improperly rejected the medical opinion of Langston's treating physician in favor of a state agency psychological consultant's opinion; and *third*, by intimating that an administrative law judge has a mandatory duty in every instance to recontact a treating physician before rejecting his or her opinion as unsupported. (See Doc. 23 at 3-21). The court agrees with Judge Cohn's finding that, on this record, the administrative law judge improperly rejected the medical opinion of Langston's treating physician. (Doc. 22 at 17-23). This determination independently supports Judge Cohn's recommendation of *vacatur* of the administrative law judge's decision and remand for a new hearing.

The undersigned writes briefly to clarify certain observations in the magistrate judge's report challenged by the Commissioner's objections. *First*, to the extent the report suggests the administrative law judge improperly disregarded a third party lay opinion, or failed to articulate a legitimate basis for rejecting same, the court disagrees. (See Doc. 22 at 15-17). The administrative law judge did not disregard the third party function report completed by Langston's sister; *per contra*, the administrative law judge summarized the report's contents in detail, ultimately assigning it "limited weight" because the sister "is not a psychological or medical professional" and "her opinion is inconsistent with [Langston's] treatment records as a whole, as set forth above." (Doc. 11-2 at 21-22). Social Security Ruling ("SSR") 06-3p provides that it is "appropriate" for an administrative law judge weighing the third party statement of a spouse, parent, friend, or neighbor to "consider . . . the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." SSR 06-3p, 71 Fed. Reg. 45593-03, 45596 (Aug. 9, 2006). The court concludes that the administrative law judge did not commit an error of law in attributing limited weight to the statement of Langston's sister based on her lack of psychological or medical background, particularly as measured against the other sources of record, and the statement's inconsistency with the balance of the record evidence. See id.

*Second*, to the extent the report implies that an administrative law judge has an absolute duty to recontact treating physicians pursuant to 20 C.F.R. § 404.1512(d) and SSR 96-5p, the court rejects the implication. The guidance cited by the report in support of a mandatory recontact requirement—a 1991 response by the Social Security Administration to public comments on proposed rulemaking—predates the 2012 deletion of 20 C.F.R. § 404.1512(e), which contained a mandatory recontact requirement, and codification of 20 C.F.R. § 404.1520b, which rendered recontact permissive. See Morales v. Colvin, No. 3:14-CV-2330, 2016 WL 907743, at *11 (M.D. Pa. Mar. 2, 2016); Ross v. Colvin, No. 1:14-0990, 2015 WL 1636132, at *9 n.4 (M.D. Pa. Apr. 8, 2015). To the extent the report intimates that an administrative law judge must always recontact a treating physician before discounting his or her opinion, the court rejects the report.

Notwithstanding the above clarifications, the court agrees with Judge Cohn that the administrative law judge erred in largely rejecting the opinion of Langston's treating physician in favor of a state agency psychological consultant. The court further agrees with the magistrate judge's conclusion that this error is not harmless. Hence, the court will adopt Judge Cohn's recommendation to vacate the decision of the administrative law judge and remand this matter for additional record development, a new hearing, and appropriate evaluation of the evidence.

1. The report (Doc. 22) of Magistrate Judge Cohn is ADOPTED to the extent set forth herein.

2. The Clerk of Court shall enter judgment in favor of Denise Langston and against the Commissioner as set forth in the following paragraph.

3. The Commissioner's decision denying the application for disability insurance benefits of Denise Langston is VACATED.  This matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, develop the record fully, and evaluate the evidence appropriately in accordance with this order and the report (Doc. 22) of Magistrate Judge Cohn, to the extent adopted herein.

4. The Clerk of Court is directed to CLOSE this case.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania