IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE LANGSTON,** | : | CIVIL ACTION NO. 1:15-CV-1117 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 22nd day of November, 2016, upon consideration of the report (Doc. 22) of Magistrate Judge Gerald B. Cohn, recommending the court vacate the decision of the administrative law judge and remand the above-captioned matter for further proceedings with respect to the application for disability insurance benefits of plaintiff Denise Langston ("Langston"), wherein Judge Cohn concluded that the administrative law judge's decision is not "supported by substantial evidence," 42 U.S.C. § 405(g), and determined, *inter alia*, that the administrative law judge erred by failing to assign proper weight to the medical opinions of Langston's treating physician; as well as this court's order (Doc. 25) of August 30, 2016, adopting Judge Cohn's report and remanding the matter to the Commissioner of Social Security ("Commissioner") to conduct a new administrative hearing, develop the record fully, and evaluate the evidence appropriately in accordance with Judge Cohn's report and the court's order adopting same; and further upon consideration of the Commissioner's motion (Doc. 31) to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil

Procedure, wherein the Commissioner reiterates many of the same arguments previously raised before and rejected by the magistrate judge and the undersigned, (Doc. 32), and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that a court possesses inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters already resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2007)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing, as noted above, that the Commissioner bases her instant motion on arguments identical to or expanding on those previously raised and rejected by the court, and does not substantiate a clear error of law in the court's prior decision, and accordingly fails to satisfy the exacting

standard of review applied to motions for reconsideration, it is hereby ORDERED that:

1. The Commissioner's motion (Doc. 31) to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is DENIED.

2. The Commissioner's motion (Doc. 33) to stay disposition of Langston's motion (Doc. 27) for attorney fees pending resolution of the Commissioner's Rule 59(e) motion is DENIED as moot.

3. The Commissioner shall file a response to Langston's motion (Doc. 27) for attorney fees within fourteen days of the date of this order. Langston may file a reply in accordance with the Local Rules of Court.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania