# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE LANGSTON,** | CIVIL ACTION NO. 1:15-CV-1117 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **NANCY A. BERRYHILL**, Acting Commissioner of Social Security,[1] | |
| Defendant | |

## ORDER

AND NOW, this 7th day of June, 2017, upon consideration of the motion (Doc. 27) by plaintiff Denise Langston ("Langston") for attorney fees incident to her successful appeal of the decision of Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), to deny her claim for disability insurance benefits, wherein the court agreed with Langston that the administrative law judge ("ALJ") committed reversible error by improperly discounting the medical source opinions of Langston's long-time treating physician in favor of the opinion of a non-treating source who did not examine Langston and who did not review the full medical record, (Doc. 25 at 2-3 n.1), but agreed with the Commissioner that the ALJ did not err in attributing limited weight to the lay opinion of Langston's sister, (id.), and that the ALJ does not have a mandatory duty to recontact a treating physician in all instances before discounting his or her opinion, (id.), and wherein the court

---

[1] Carolyn W. Colvin ("Colvin") was Acting Commissioner of Social Security when the instant action was filed against her in her official capacity. On January 23, 2017, Nancy A. Berryhill succeeded Colvin as Acting Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the defendant in this action. See FED. R. CIV. P. 25(d).

concluded that notwithstanding its partial agreement with the Commissioner, the ALJ's improper attribution of "limited weight" to the medical source opinions of Langston's treating physician independently compelled remand to the ALJ for additional record development, a new hearing, and appropriate evaluation of the evidence, (id.), and the court observing that a plaintiff, like Langston, who obtains a judgment under sentence four of 42 U.S.C. § 405(g), including remand for further development of the record, is deemed the "prevailing party" for purposes of the EAJA, Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993); see also Kadelski v. Sullivan, 30 F.3d 399, 401 n.2 (3d Cir. 1994), and that, under the Equal Access to Justice Act ("EAJA"), a court may award reasonable fees and other litigation expenses to a prevailing party unless it concludes that the Commissioner's position at the agency level and on appeal "was substantially justified or that special circumstances make an award unjust," 28 U.S.C. § 2412(d)(1)(A), and the court further observing: *first*, that substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted), *second*, that it is the Commissioner's burden to establish substantial justification, Cruz v. Comm'r of Soc. Sec., 630 F.3d 321, 324 (3d Cir. 2010) (citing Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993)), by showing that her position had a reasonable basis in both law and fact, and that a reasonable connection between the two existed, see id. (quoting Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998)), and *third*, that this standard applies to both the Commissioner's pre-litigation agency position in the

final administrative decision and its litigation position on appeal, Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009), and turning to Langston's instant motion, wherein Langston asserts that the Commissioner's position on appeal was not substantially justified, (see Doc. 28 at 2), presumably because the Commissioner's position both at the agency level and on appeal was largely dependent on the ALJ's rejection of a treating physician opinion, which is generally accorded great weight, see Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999), and because the court ultimately rejected that argument on appeal, (see Docs. 22, 25), but the court observing that we cannot presume a position lacked substantial justification merely because it did not prevail, see Williams, 600 F.3d at 302 (quoting Morgan, 142 F.3d at 685), and finding that, on the whole, the Commissioner articulated a substantial basis for her position—albeit an unsuccessful one—throughout the agency action and on appeal, and that the position did not "clearly offend[] established precedent," Washington v. Heckler, 756 F.2d 959, 962 (3d Cir. 1985), particularly in light of Third Circuit jurisprudence authorizing an ALJ to "choose whom to credit" when confronted with "the opinion of a treating physician [which] conflicts with that of a non-treating, non-examining physician," Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer, 186 F.3d at 429), so long as the ALJ does not reject the opinion of a treating physician "for no reason or for the wrong reason," id., and further authorizing an ALJ to "afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided," Plummer, 186 F.3d at 429 (citing Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985)), and the court

3

determining: *first*, that the mere fact that the Commissioner's argument was unsuccessful herein does not render her position unreasonable,[2] and *second*, that the Commissioner's success on two additional issues raised before the undersigned reflects substantial justification on the whole, (Doc. 25 at 3 n.1), and the court thus concluding that the Commissioner's position was substantially justified, precluding an award of fees and costs, see 28 U.S.C. § 2412(d)(1)(A), it is hereby ORDERED that Langston's motion (Doc. 27) for attorney fees is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] The Third Circuit has not yet upheld (in a precedential opinion or otherwise) the exact position defended by the Commissioner here—to wit: an agency decision to reject a treating source opinion in favor of of a single, non-treating, non-examining state agency consultative opinion rendered without the benefit of a full medical record. The Third Circuit has held, however, that an ALJ may rely on a dated state agency consultative opinion to support the ALJ's decision, observing that "some" time lapse between agency review and the ALJ's decision is inevitable. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). On the merits, Chandler is distinguishable: the ALJ there did not discount a *treating source* medical opinion in favor of the dated agency opinion. Id. at 361-62. Indeed, there was no treating source opinion before the ALJ to discount; the non-treating, non-examining state agency consultant opinion was the only medical source opinion before the ALJ. See generally id. Notwithstanding this factual distinction, the Commissioner was not unjustified in synthesizing Chandler with the balance of Third Circuit precedent concerning medical source attribution to advance its agency and appellate position.